UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUAN MANUEL CHAVEZ,

        Petitioner,                  No. C 07-5512 PJH (PR)

  vs.                                   **ORDER TO SHOW CAUSE**

BEN CURRY, Warden,

        Respondent.
_____/

Petitioner, a California prisoner currently incarcerated at the Correctional Training Facility, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

The petition attacks denial of parole, so venue is proper in this district, which is where petitioner is confined.  *See* 28 U.S.C. § 2241(d).

**BACKGROUND**

Petitioner pled nolo contendere to second degree murder in 1993. He received a sentence of fifteen years to life in prison. He alleges that he has exhausted these parole claims by way of state habeas petitions.

**DISCUSSION**

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An

application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.     Legal Claims**

The petition is directed to a denial of parole by the Board of Parole Hearings on March 5, 2007. As grounds for federal habeas relief, petitioner asserts that: (1) His due process rights were denied when the Board denied him parole based on the long-ago circumstances of his crime; (2) the Board's refusal to give him a parole date violated his California statutory right to good time credits; (3) the Board's finding that petitioner needs further therapy is not supported by "some evidence;" (4) the Board's use of police reports as "some evidence" violated due process and the Confrontation Clause; (5) there was no evidence that petitioner's offense was particularly "cruel and callous;" (6) there was not "some evidence" to support the Board's finding that it needed a new psychological report; (7) there was no evidence to support the Board's setting petitioner's next hearing for two years ahead, rather than one, given that the denial before this one was a one-year denial and nothing had changed except to petitioner's advantage; (8) counsel at trial was ineffective in not explaining to petitioner that he would never be granted parole; (9) his Sixth Amendment right to trial by jury was violated by the Board's treating him as if he had been convicted of a greater offense than the one he pleaded to; (10) his due process rights were violated in that the Board's finding contradicts that of the CDCR, which considers him "low risk."

In issue two petitioner alleges only a violation of state law. Such allegations cannot be the basis for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Issue eight is a claim that trial counsel was ineffective, an issue which goes to the validity of petitioner's conviction. Petitioner cannot include a claim such as this, going to the conviction, in the same petition with claims going to the denial of parole. *See* Rule 2(e), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. 2254. Finally, in issue ten petitioner complains that the Board's decision is inconsistent with that of the CDCR, but this cannot be the basis for habeas relief because there is no constitutional right to consistent decisonmaking. For these reasons, issues two, eight and ten will be dismissed. The others are sufficient to require a response. *See Biggs v. Terhune*, 334 F.3d 910, 916-17 (9th Cir. 2003) (warning that repeated denial of parole based on unchanging characteristics of offense might violate due process); *McQuillion v. Duncan*, 306 F.3d 895, 904 (9th Cir. 2002) (due process requires that at least "some evidence" support parole denial).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Issues two, eight and ten are **DISMISSED**.

2. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: December 17, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.07\CHAVEZ5512.OSC.wpd

4