Juan Manuel Chavez
CORRECTIONAL TRAINING FACILITY
H-74168  ED-098-Low
P.O. Box 689
Soledad, CA 93960-0689
Pro Se



## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

E-filing

| | |
|---|---|
| JUAN MANUEL CHAVEZ, ) | Case No. C 07 - 5512 PJH |
| ) | |
| Petitioner, ) | |
| ) | **TRAVERSE TO RESPONDENT'S ANSWER TO THE** |
| v. ) | **ORDER TO SHOW CAUSE; MEMORANDUM OF.** |
| ) | **POINTS AND AUTHORITIES** |
| BEN CURRY, Warden (A), et al., ) | |
| Respondent. ) | |

Petitioner Juan Manuel Chavez, a California Prisoner, who is serving an
indeterminate term of 15 years TO life resulting from a Plea of guilt to Second
Degree Murder challenges the Board of Parole Hearings denial of parole during his
March 5, 2007 subsequent parole consideration hearing.  On December 17, 2007 this
Court ordered Respondent to answer the following claims: (1) the Board's decision
violated Petitioner's due process rights because the Board used immutable factors;
(2) the Board's finding that Petitioner needs further therapy is not supported by
"some evidence"; (3) the Board's use of police reports as "some evidence" violated
Petitioner's due process rights and the Confrontation Clause; (4) the Board's
finding that the offense was particularly "cruel and callous" was not supported by
evidence; (5) the Board's finding that it needed a new psychological report was
not supported by "some evidence"; (6) the Board's decision to set his next hearing
in two years, rather than one, was not supported by evidence; (7) the Board
violated Petitioner's Sixth Amendment right to a jury trial by treating the crime
Petitioner pleaded guilty to as a greater offense.

Respondent mailed his answer to Petitioner on March 17, 2008. Petitioner comes now with his Traverse to Respondent's answer and asks this Court to use the less stringent standards then formal pleadings drafted by lawyers, see <u>Haines v. Kerner</u>, (1972) 404 U.S. 519, when reviewing Petitioner's Petition for writ of habeas corpus, which Petitioner incorporates by reference as though fully set forth herein, and the following Admissions, Denials and Allegations.

TRAVERSE TO RESPONDENT'S ANSWER

I.

Petitioner denies the allegations contained in paragraph 1. of the answer.

Petitioner's statutory Minimum Eligible Parole Date [STATUTORY MINIMUM TERM] see California Code of Regulations Title 15 § 2400 was November 30th, 2002, see Respondent's Answer Exhibit G page 3. When Petitioner exceeds this term of punishment for his offense, his confinement "record" must show he currently poses an unreasonable risk to public safety <u>Hayward v. Marshall</u>, (2008) 512 F.3d 536, otherwise his custody unlawful.

II.

Petitioner admits the allegations contained in paragraphs 2. through 10 of Respondent's answer.

III.

Petitioner admits the allegations contained in paragraph 11. of the answer.

However Petitioner denies that the Board's reasons to deny parole were supported by "some evidence" that Petitioner's Parole would unreasonably endanger public safety see <u>Hayward</u>, supra, 512 F3d. at 543.

IV.

Petitioner denies the allegations contained in paragraph 12. of the answer.

The Board gave little to no credit to the rehabilitative suitability accomplishments achieved by Petitioner.

Z

V.

Petitioner admits the allegations contained in paragraph 13. through 15 of Respondent's answer.

VI.

Petitioner denies the allegations contained in paragraph 16. of the answer.

First, as admitted by Respondent there was no reasoned decision by the State Courts, therefore this Court must look through to the Board's decision to determine whether the Board's decision is contrary to, or involved an unreasonable application of, clearly established federal law, to which Petitioner declares the Board decision was.

VII.

Petitioner admits the allegations contained in paragraph 17. of the answer.

Respondent preserves arguments against the Ninth Circuit for U.S. Supreme Court review Petitioner supposes, yet Respondent's time to challenge the Sass decision quoted by respondent has probably passed.

VIII.

Petitioner denies the allegations contained in paragraph 18. of the answer.

Respondent alleges Greenholtz only affords Petitioner an opportunity to be heard and a statement of reasons for the denial 442 U.S. at 16.  Yet, reading the plain english used by the Supreme Court, they held the Inmate is to be heard and if denied parole be informed where he fell short for qualifying for parole (Id.).

At first glance a statement of reasons for parole denial compared to informing Petitioner where he falls short for qualifying for parole may sound the same, but its like comparing apples and oranges.  Respondent is wrong, a statement of reason that parole is denied because the inmate committed a crime if a far cry from informing the inmate where he fell short in qualifying for parole, obviously the inmate can never change the crime.

3

Respondent's claim shows California is misapplying Greenholtz, showing cause why California should be ordered to inform Petitioner where his rehabilitation fell short for qualifying for parole. Notwithstanding the "crime" a factor that will never change. Without the Parole Authorities being ordered to inform Petitioner where he falls short for parole in their eyes, Petitioner will never know what the parole authorities expect of him, denying him the opportunity to take the programs prior to his next parole hearing so he can actually be eligible for parole, otherwise California's parole process will continue to violate due process.

Respondent has conceded, in Petitioner's case in the Ninth Circuit, that California State Law requires more protection procedures than Greenholtz see attached exhibit A page 17. Hayward held "When assessing whether a state parole board's suitability determination was supported by some evidence in a habeas case, the analysis is framed by the statutes and regulations governing parole determinations in the relevant state." "Accordingly, the Court must look to California Law to determine the findings that are necessary to deem a prisoner unsuitabile for parole." 512 at 542.

IX.

Petitioner denies the allegations contained in paragraph 19. through 21 of Respondent's answer.

X.

Petitioner denies the allegations contained in paragraph 22. of the answer.

Police Reports are not reliable information under either Federal or California Law when they have not been tested by cross-examination.

XI.

Petitioner denies the allegations contained in paragraphs 23 through 26 of Respondent's answer.

XII.

Petitioner admits the allegations contained in paragraph 27 through 28 of

Respondent's answer.  Summary Judgment can be Granted based on the "record"

presented that Petitioner no longer poses a current risk to public safety.

XIII.

Petitioner denies the allegations contained in paragraph 29. of the answer.

IX.

Except as expressly admitted above, Petitioner denies, generally and

specifically, each allegation of Respondent's answer, and specifically declares

the his administrative, statutory, and constitutional rights have been violated.

Accordingly, the Board's decision being unreasonable, unsupported by evidence

and contrary to established law, Petitioner asks the Court to grant his petition.


MEMORANDUM OF POINTS AND AUTHORITIES

ARGUMENT

THE BOARD'S DECISION AND THE STATE COURTS SUMMARY DENIALS OF PETITIONER'S

HABEAS CLAIMS WERE CONTRARY TO ESTABLISHED FEDERAL LAW AND UNREASONABLE

DETERMINATION OF THE FACTS.

First the Ninth Circuit has addressed Respondent's AEDPA concerns in Hayward

v. Marshall, 512 F.3d 536 and holding that Petitioner's Liberty interest in Parole

is Established, the "some evidence" test is constitutional, and that District

Courts have the power to grant habeas relief regarding parole matters.

A.    THE STATE DECISION WAS CONTRARY TO FEDERAL LAW.

Respondent is misrepresenting Greenholtz v. Inmates of Neb. Penal Complex,

(1985) 442 U.S. 1, 16; contrary to Respondent, Petitioner was NOT informed where

he fell short for qualifying for parole, as such the Board's decision was contrary

to Greenholtz as held by the United States Supreme Court.

1.    PETITIONER DID NOT RECEIVE THE DUE PROCESS REQUIRED BY THE UNITED STATES
      SUPREME COURT IN THE PAROLE CONTEXT.

      In Hayward v. Marshall, (2008) 512 F.3d 536 the Ninth Circuit Court of
Appeals, which is binding on this Court, addressed the constitutional due process
safeguards that directly apply to Petitioner's Petition.  Specifically, inter
alia, three holdings by the Ninth Circuit directly effect the decision to be made
in Petitioner's case listed as follows:

(1) California prisoners have a federally protected liberty interest in parole,
and as such this Court must look to California Law to determine the findings that
are necessary to deem a prisoner unsuitable for parole, 512 F.3d at 542; (2) the
Board's denial of parole decision must cite "some evidence" that release
"currently" poses an unreasonable risk of danger to society 512 F.3d at 543-544;
(3) the Board's reliance on stale and static factors during a parole consideration
hearing to deny parole violates due process 512 F.3d at 546-547.

      Petitioner wishes to add, and not to nitpick, but Respondent misreads
Greenholtz.  Greenholtz held due process is violated when, as in Petitioner's
case, the Parole Authorities fail to inform the inmate where he falls short for
qualifying for parole.

      2.    THIS COURT MUST FOLLOW NINTH CIRCUIT PRECEDENT.

      3.    THE BOARD & STATE COURT INCORRECTLY APPLIED THE SOME EVIDENCE STANDARD

      The Ninth Circuit in Hayward 512 F.3d at 543 found "the test is not whether
some evidence supports the reasons the Governor [and Board] cites for denying
parole, but whether some evidence indicates a parolee's release unreasonably
endangers public safety.  Some evidence of the existence of a particular factor
does not necessarily equate to some evidence the parolee's release unreasonably
endangers public safety."  It's this principle the Court must use when deciding
whether the "evidence" cited by Respondent, answer pages 12-15, actually supports
a finding Petitioner currently poses an unreasonable risk to public safety.

Respondent cites the following evidence shows that Petitioner's release would unreasonable endanger public safety:

(1) the gravity of the commitment offense and other uncharged offenses.

(2) the lack of insight with regard to the underlying causes of the murder;

(3) Petitioner's differing testimony he gave at the parole hearing undermines his account of the murder.

Petitioner will address each in order as follows:

(1) "the gravity of the commitment offense."

The crime is a factor that looses its predictive value over time and no longer provides a nexus between the crime and current risk to public safety Hayward 512 F.3d 546, assuming the offense is "particularly egregious".

Notwithstanding the crime Petitioner plead guilty to, Respondent now alleges other crimes Petitioner might have committed to support his position that Petitioner is a danger to public safety. It must be noted NONE of these "other crimes" were charged, or plead to.

Petitioner believed, as part of his plea, he would be entitled to have a parole release date set by the parole authorities, this belief flows from California Penal Code 3041(a) shall "normally" set a parole release date.

Petitioner's plea contains no language that the parole authorities would use Penal Code 3041(b) to deny the setting of a parole date. Between this Ambiguity and Petitioner's liberty at stake the parole authorities should be prohibited from alleging other crimes to deny the setting of a parole date.

Respondent nor the Board should be allowed the opportunity to bring up or charge Petitioner with any and all allegations which the D.A. choose not to charge since the facts of Petitioner's offense were excepted during the taking of the plea that Petitioner's offense was a simple clear cut crime of passion 2nd degree murder making it impossible to accept Respondent's assertion that the Board should be allowed to suddenly decide other crimes were committed even though the

7

D.A. disregarded these alleged crimes some 15 years ago.

Petitioner's plea does not contain language that allowed the D.A. to gain a conviction for second degree murder then allow the Board to change consensual sexual relations between the victim and Petitioner into a felony sexual assault, or attempt to add a robbery charge, in order to justify their decision to deny parole. This is like Bait and Switch which is illegal in contract law.

When the State bargains away their right to charge, present evidence, present witnesses, i.e. try their case, can they really be allowed, through their Parole Board, get more than what the government bargained for? No. See U.S. v. Transfiguracion, supra, 2007 DJDAR 4011. As a defendant's liberty is at stake, the government is ordinarily held to the literal terms of the plea agreement it made, so that the government gets what it bargains for but nothing more. Thus, Courts should not allow the State to get a quick conviction for a lessor crime knowing the sentence to be served will be for a greater crime.

The Board, however, can only deny parole when the crime meets the unsuitable factor set forth in Dannenberg, (2005) 34 Cal.4th 1061, [the crime must be "particular egregious", meaning the crime must have elements beyond the minimum necessary to sustain a conviction, as explained in foot note 16 in Dannenberg, its when a second degree murder has elements of premeditation or deliberation].

In Respondent's answer to Petitioner's Appeal in the Ninth Circuit, attached as exhibit A Page 8, Respondent admits Petitioner's plea to second-degree murder "removed" the prospects of first-degree murder and a sentence of death or life in prison without parole, i.e. thus Petitioner's plea "removed" the "some evidence" needed under the Dannenberg test to deny parole.

Petitioner declares, during his plea, he was advised that his offense of Strangulation Second Degree Murder was covered in the California Code of Regulations Title 15 Division 2 section 2403(c) Matrix of Base Terms with a range from 18-19-20 years of imprisonment. Thus, as a consequence of his plea,

8

Petitioner would believed the Parole Authorities would set his parole date in this range, unless of course he did something in prison that would warrant a finding of unsuitability. The offense, however, cannot be the reason to find unsuitable to set a parole date, because the crime falls in the matrix and Petitioner would have been expecting his date set accordingly as a consideration for his plea.

The United States Supreme Court held in Santobello v. New York, 404 U.S. 257, 261-262: "The sentencing judge must develop, on the record, the factual basis for the plea". "When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled". "When the record shows petitioner "bargained" and negotiated for a particular plea in order to secure dismissal of more serious charges or on other conditions the prosecutor or other staff lawyer from that prosecutor's office cannot argue differently".

Thus, for Respondent to now argue before this Court that Petitioner committed greater crimes and other crimes than he plea to violates Santobello requiring this Court to disregard those arguments.

(2) Petitioner's alleged lack of insight.

Dr. Macomber, a Correctional Psychologist, found Petitioner's INSIGHT to be good. Dr. Macomber also found alcohol or drugs were no longer a current diagnostic problem, due to the fact Petitioner has been clean and sober for over 14 years, Dr. Macomber found Petitioner accepted total responsibility for his commitment offense and displayed sincere and genuine remorse, Dr. Macomber found Petitioner to be a low level risk to public safety and Dr. Macomber found the prognosis for successful adjustment in the community for Petitioner would be excellent. See Respondent's Answer Exhibit H for Dr. Macomber's complete report.

Respondent counter with a mis-statement Petitioner made to a question posed by Commissioner Kubochi, who Petitioner had just told he knew the victim was dead, the Commissioner ask the question again in a different manner and Petitioner

responded NO. The Court must read Respondent's Exhibit G page 38 and 39, and the Court will see Petitioner got confused, this was not an attempt to change stories or minimize or deny he knew he had kill the victim.

Next, Respondent questions Petitioner's level of intoxication. Respondent bases his blood alcohol content on a Intoxilyzer Test administered at 0611 hours, which was taken just over an hour after the crime occurred.

Respondent failed to mention that Petitioner provided a urine sample at 7:19 A.M. on 11/29/92 which showed a blood alcohol level of 0.15% and cocaine present at a concentration greater than 10 micrograms see attached exhibit B.

The blood alcohol burn-off rate, as testified by a criminologist, is 0.02% an hour, see McCarns v. Dexter, 2008 WL 360827.

In the instant case over 2 hours had pasted between the crime and the urine sample taken, therefore Petitioner's blood alcohol level would have been 0.19% or higher along with the cocaine, clearly alcohol and drugs were the major factor for this crime, to which Dr. Macomber found Petitioner understands he can never drink or do drugs again, which Petitioner successfully sustains from for over 14 years.

Petitioner's "record" shows he has developed deep insight into the cause of the crime he committed and as such insight can no longer be some evidence to find Petitioner currently is an unreasonable risk to public safety.

(3) Petitioner's alleged conflict in testimony.

Respondent goes to great length to discredit Petitioner's insight and remorse. Petitioner admits he was in a drunken and drugged state at the time of the offense. Petitioner admitted killing the victim, he plead guilty to the crime. Petitioner has never attempted to minimize his guilt. Respondent keys in on no answers to quick fired question that were asked immediately after Petitioner had answered the same question asked in a different way. Petitioner attempting to gain parole, is being cross-examined at length by skilled professionals designed to create some evidence to justify a decision to deny parole.

Petitioner is not attempting to get off, or not do his time, or minimize the seriousness of his crime in anyway. The fact is, Petitioner was drunk, he and his mistress got in a fight over his wife, the victim hit and choked Petitioner and Petitioner choked her back ending up killing her. For this he takes full responsibility for and deeply regrets.

Again, Petitioner's "record" and psych report quoted above, does not show some evidence Petitioner lacks insight, nor evidence that Petitioner would pose a current unreasonable danger to public safety if parole.

B.    THE STATE'S DECISION ARE BASED ON AN UNREASONABLE DETERMINATION OF FACTS

The State decision is contrary to the facts found by Dr. Macomber, and for Respondent to say other wise is in a word, false.

Respondent also claims police reports are reliable and accurate, but as Petitioner has shown above, the police report did not show a true picture of Petitioner's actual blood alcohol level.

The reason the our justice system has cross-examination is to test the reliability and accuracies of written reports, but during plea bargains police reports are never tested or put into evidence, so any conflicts can never be cured. Here Respondent desires to use everything written against Petitioner, tested or not, true or not, to deny parole, this is not only unfair, its unconstitutional.

The decision to deny parole is contrary to the facts presented that Petitioner no longer poses an unreasonable risk of danger to public safety.

### CONCLUSION

WHEREFORE:  Petitioner's request this Court to review his prison "record" his psych report, his plea bargain, his insight and his remorse, an hopefully find that the stale and static factors of his offense no longer support a finding he would pose an unreasonable danger to public safety if released on parole, grant

his petition for writ for habeas corpus and order the Board to set his parole date according to there own matrix cited above.


DATED:    APRIL 6, 2008



Respectfully Submitted,


Juan Manuel Chavez  Pro Se


I, declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on April 6, 2008 at Soledad, California.


Juan Manuel Chavez


///

///

///

12

# EXHIBIT   "A"

07-56427

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

**JUAN MANUEL CHAVEZ,**

Petitioner-Appellant,

v.

**A. P. KANE, Warden,**

Respondent-Appellee.

---

On Appeal from the United States District Court
for the Central District of California
No. CV 05-03894-R-(SS)
The Honorable Manuel L. Real, Judge

## RESPONDENT-APPELLEE'S ANSWERING BRIEF

EDMUND G. BROWN JR.
Attorney General of the State of
California
DANE R. GILLETTE
Chief Assistant Attorney General
JULIE L. GARLAND
Senior Assistant Attorney General
HEATHER BUSHMAN
Supervising Deputy Attorney General

CHARLES CHUNG
Deputy Attorney General
State Bar No. 248806
  300 South Spring Street, Suite 1702
  Los Angeles, CA 90013
  Telephone: (213) 897-4908
  Fax: (213) 897-2263
Attorneys for Respondent-Appellee

# TABLE OF CONTENTS

**Page**

INTRODUCTION                                                                          1

STATEMENT OF JURISDICTION                                                             2

ISSUE PRESENTED                                                                       2

STATEMENT OF THE CASE                                                                 3

STATEMENT OF FACTS                                                                    4

    A.  Commitment Offense.                                            4

    B.  Chavez's Initial Parole Consideration Hearing.                4

    C.  State Habeas Corpus Proceedings.                               5

STATEMENT OF ARGUMENT                                                                 5

STANDARD OF REVIEW                                                                    6

ARGUMENT                                                                              6

    I.  THE DISTRICT COURT PROPERLY DENIED RELIEF
        BECAUSE CHAVEZ RECEIVED ALL OF THE
        PROCESS DUE UNDER CLEARLY ESTABLISHED
        FEDERAL LAW.                                                      6

        A.  Chavez Failed to Present a Prima Facie Case That
            the State Breached the Terms of His Plea Agreement
            or That His Plea Agreement Was Invalid.                       6

# TABLE OF CONTENTS  (continued)

**Page**

1.  There Is No Evidence Chavez Was Offered
    Promises Regarding His Release On Parole.                    7

2.  Chavez's No-Contest Plea Was Supported With
    Adequate Consideration.                                     8

3.  Chavez's No-Contest Plea Is Valid Because It Was
    Voluntary and Intelligent.                                  9

B.  Chavez's Claim That The Denial Of Parole Was Not
    Supported With Adequate Evidence Fails To Present
    Any Ground For Relief Under AEDPA's Standard of
    Review.                                                    10

1.  The Supreme Court Has Not Clearly Established
    a Liberty Interest in Parole for California Inmates.        11

2.  Clearly Established Federal Law Entitled Chavez
    Only to an Opportunity to Be Heard and a
    Statement of Reasons for the Denial of His Parole.         13

3.  The Supreme Court Precluded Scrutiny into the
    Merits of a Parole Decision.                               15

C.  Ninth Circuit Cases Applying the Some-Evidence Test
    to Parole Decisions Are Not Clearly Established Law
    Under AEDPA.                                                18

D.  Even If Circuit Precedent Is Binding For AEDPA
    Purposes, The Supreme Court Effectively Overruled
    and Superceded Those Decisions.                             19

# TABLE OF CONTENTS  (continued)

**Page**

E.  Assuming the Some Evidence Test Applies to State
Parole Decisions, the District Court's Judgment Must
be Affirmed Because Some Evidence Supports the
Board's Decision.                                                    22

CONCLUSION                                                               24

STATEMENT OF RELATED CASES                                               25

CERTIFICATE OF COMPLIANCE WITH
RULE 32(a)                                                               26

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Biggs v. Terhune*
    334 F.3d 910 (9th Cir. 2003)                                   20

*Carey v. Musladin*
    ___ U.S. ___, 127 S. Ct. 649 (2006)          11, 17, 19-22

*Crater v. Galaza*
    491 F.3d 1119 (9th Cir. 2007)                       11, 18, 19

*Duhaime v. Ducharme*
    200 F.3d 597 (9th Cir. 2000)                        11, 18, 19

*Early v. Packer*
    537 U.S. 3, 123 S. Ct. 362 (2002)                      11

*Gagnon v. Scarpelli*
    411 U.S. 778, 93 S.Ct. 1756 (1973)                   16

*Garlotte v. Fordice*
    515 U.S. 39, 115 S.Ct. 1948 (1995)                   7

*Green v. French*
    143 F.3d 865 (4th Cir. 1998)                        19

*Greenholtz v. Inmates of Neb. Penal Complex*
    442 U.S. 1, 99 S. Ct. 2100 (1979)             11, 12, 14-17

*Hill v. Lockhart*
    474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)     9, 22, 23

# TABLE OF AUTHORITIES  (continued)

**Page**

*In re Dannenberg*
34 Cal. 4th 1061 (Cal. 2005)      12

*In re Rosenkrantz*
29 Cal.4th 616 (Cal. 2002)      12

*Knowles v. Mirzayance*
127 S. Ct. 1247 (Mem) (Feb. 20, 2007)      22

*Lockyer v. Andrade*
538 U.S. 63, 123 S. Ct. 1166 (2003)      11

*Miller v. Gammie*
335 F.3d 889 (9th Cir. 2003)      19, 20

*Mirzayance v. Knowles*
175 Fed. Appx. 14 (9th Cir. 2006)      22

*Morrissey v. Brewer*
408 U.S. 471, 92 S.Ct. 2593 (1972)      16

*Patrick v. Smith*
127 S. Ct. 2126 (Mem) (Apr. 30, 2007)      22

*Pedro v. Oregon Parole Bd.*
825 F.2d 1396 (9th Cir. 1987)      13

*Pulley v. Harris*
465 U.S. 37, 104 S.Ct. 871 (1984)      14

*Sandin v. Connor*
515 U.S. 472 (1995)      13

# TABLE OF AUTHORITIES  (continued)

**Page**

*Santobello v. New York*
    404 U.S. 257, 92 S.Ct. 495 (1971)    8

*Sass v. Cal. Bd. of Prison Terms*
    461 F.3d 1123 (9th Cir. 2006)    12, 20

*Schriro v. Landrigan*
    __ U.S. __, 127 S. Ct. 1933 (2007)    21

*Shelby v. Bartlett*
    391 F.3d 1061 (9th Cir. 2004)    2

*Silva v. Woodford*
    279 F.3d 825 (9th Cir. 2002)    7

*Smith v. Baldwin*
    466 F.3d 805 (9th Cir. 2006)    6

*Smith v. Mitchell*
    437 F.3d 884 (9th Cir. 2006)    22

*Superintendent v. Hill*
    472 U.S. 445, 105 S. Ct. 2768 (1985)    20

*Tollett v. Henderson*
    411 U.S. 258, 93 S.Ct. 1602 (1973)    9

*United States v. Hernandez*
    203 F.3d 614 (9th Cir. 2000)    9

*Williams v. Taylor*
    529 U.S. 362, 120 S. Ct. 1495 (2000)    11

## TABLE OF AUTHORITIES  (continued)

**Page**

*Wolff v. McDonnell*
    418 U.S. 539, 94 S.Ct. 2963 (1974)      16

*Woodford v. Viscotti*
    537 U.S. 19, 123 S. Ct. 357 (2002)      11


**Statutes**

United States Code, Title 28
    § 1291      2
    § 2253      2
    § 2254      2
    § 2254(a)      14
    § 2254(d)      6, 10, 17-19
    § 2254(d)(1)      19


**Other Authorities**

Antiterrorism and Effective Death Penalty Act      6, 10, 13, 17-19, 21, 22

07-56427

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

---

**JUAN MANUEL CHAVEZ,**

                    Petitioner-Appellant,

    **v.**

**A. P. KANE, Warden,**

                    Respondent-Appellee.

---

## **INTRODUCTION**

          Petitioner-Appellant Juan Manuel Chavez is a California inmate serving an indeterminate term of life in prison for second-degree murder. Chavez challenges the district court's order and judgment denying his petition for writ of habeas corpus. The district court concluded the underlying state court decisions were not contrary to, or unreasonable applications of, clearly established federal law, nor were based on an unreasonable determination of the facts. This Court should affirm the judgment of the district court.

1

## STATEMENT OF JURISDICTION

The district court had subject-matter jurisdiction over Chavez's

Petition pursuant to 28 U.S.C. § 2254. *See Shelby v. Bartlett*, 391 F.3d 1061,

1063 (9th Cir. 2004). On September 11, 2007, the district court adopted the

report and recommendations filed by the magistrate judge and entered a

judgment denying the Petition. (SER 1.[1]) On September 27, 2007, Chavez

filed his Notice of Appeal. (SER 31-32.)

This Court has jurisdiction to review the final order of the district

court under 28 U.S.C. §§ 1291 and 2253.

## ISSUE PRESENTED

Should the district court's judgment be affirmed because the

underlying state court decisions denying Chavez's claims were not contrary to,

or unreasonable applications of, clearly established Supreme Court law, nor

involved an unreasonable determination of the facts?

---

1. "SER" refers to the Respondent-Appellee's Supplemental Excerpts of
Record.

2

## STATEMENT OF THE CASE

On May 26, 2005, Chavez filed a petition for writ of habeas corpus in the United States District Court for the Central District of California. (SER 151-254.)  Respondent filed his Answer to the Petition on July 18, 2005. (SER 119-150.)  Chavez filed his Traverse on August 22, 2005.

On August 22, 2007, the magistrate judge filed her report and recommendation.  (SER 4-25.)  The magistrate judge found no ground for habeas corpus relief, concluding that Chavez's claims lacked merit and the state court denials were not contrary to, or unreasonable applications of, clearly established federal law nor were based on an unreasonable determination of the facts.  (SER 4-25.)

On September 7, 2007, Chavez submitted his objections to the report and recommendation.  On September 11, 2007, the district court adopted the findings, conclusions, and recommendations of the magistrate judge and entered a judgment denying the Petition.  (SER 2-3.)  Chavez filed a notice of appeal on September 27, 2007.  (SER 31-32.)

## STATEMENT OF FACTS

### A.    Commitment Offense.

On November 29, 1992, Chavez and his common-law wife

attended a party. Chavez was having an affair with Sonia Sanchez, who also at

the party. Chavez and Ms. Sanchez left the party together and drove to a

nearby beach. Chavez told Ms. Sanchez that he did not want to leave his wife.

The two began arguing. Chavez strangled Ms. Sanchez, but claims he does not

remember what happened.

After killing his mistress, Chavez dragged her body onto the beach

and drove back to the party. A witness had observed Chavez dump Ms.

Sanchez's body onto the beach. A medical examination revealed that Ms.

Sanchez died by strangulation and had experienced sexual trauma.

### B.    Chavez's Initial Parole Consideration Hearing.

On July 25, 2002, the Board of Parole Hearings (Board)

considered Chavez's application for parole release. (SER 33-97.) The Board

found Chavez unsuitable for parole. (SER 90-96.) The Board found the

murder had been committed in a cruel manner, exhibiting a callous disregard

for human suffering. (SER 90, 93-94.) The Board also noted Chavez's

4

criminal history and a psychological evaluation finding Chavez had an above-average potential for violence in the community.

### C.   State Habeas Corpus Proceedings.

Chavez challenged the denial of his parole at his initial hearing. Chavez was unsuccessful at each state-court level. (SER 26-29.) The Los Angeles County Superior Court denied habeas corpus relief on the grounds that Chavez presented only vague and conclusory allegations which did not present a prima facie case for relief and lacked evidentiary support. (SER 28-29.) The California Court of Appeal and the California Supreme Court both issued summary denials. (SER 26-27.)

### STATEMENT OF ARGUMENT

The district court properly denied habeas corpus relief. Chavez received all of the process due because he had received a hearing and a statement of reasons for the denial of parole. Chavez was not entitled to any additional due process. Chavez failed to show that the state court decisions denying his claims were either: (1) contrary to, or unreasonable applications of, clearly established federal law; or (2) were based on an unreasonable determination of the facts. Thus, the district court's denial of Chavez's Petition should be affirmed.