UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JUAN MANUEL CHAVEZ,

    Petitioner,

vs.

BEN CURRY, Warden,

    Respondent.
    _____/

No. C 07-5512 PJH (PR)

**ORDER DENYING HABEAS PETITION AND GRANTING CERTIFICATE OF APPEALABILITY**

    This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. § 2254. The petition is directed to a denial of parole on March 5, 2007. Pet. 6a.

    This court ordered respondent to show cause why a writ should not issue. After respondent had answered and petitioner had filed a traverse, the United States Court of Appeals for the Ninth Circuit decided *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010), in which a number of important issues involving parole habeas cases were raised. In consequence, the court ordered the parties to provide supplemental briefs addressing the impact of *Hayward* on this case, which they have done. For the reasons set forth below, the petition will be denied.

**BACKGROUND**

    In 1993 petitioner pled nolo contendere to second degree murder. He received a sentence of fifteen years to life in prison.

    Petitioner has had four cases in this court. Number C 07-05312 PJH (PR), *In re Chavez*, was dismissed as opened in error. Number C 07-5512 PJH (PR) is this case, directed to a March 5, 2007, denial. Number C 08-4688 PJH (PR), *Chavez v. Curry*, is a habeas petition directed to a denial of parole on April 12, 2006. The petition in that case is

denied in an order entered contemporaneously with this one. Number C 10-1818 PJH (PR), *Curry v. Grounds*, is directed to a denial of parole on March 5, 2009. It is presently pending initial review.

**DISCUSSION**

**I.   Standard of Review**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *See id.* at 409.

///

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340. This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001). A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do. *Id.*

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

## II.   Impact of *Hayward*

In *Hayward* the en banc court held that there is no constitutional right to "release on parole, or to release in the absence of some evidence of future dangerousness" arising directly from the Due Process Clause of the federal constitution; instead, any such right "has to arise from substantive state law creating a right to release." *Hayward*, 603 F.3d at 555. The court overruled *Biggs v. Terhune*, 334 F.3d 910 (9th Cir. 2003); *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123 (9th Cir. 2006); and *Irons v. Carey*, 505 F.3d 846 (9th Cir. 2007), "to the extent they might be read to imply that there is a federal constitutional right regardless of whether state law entitles the prisoner to release . . . ." *Hayward*, 603 F.3d at 556. All three of those cases had discussed the "some evidence" requirement, but in all three it was clear that the requirement stemmed from a liberty interest created by state law; that portion of the cases, therefore, was not overruled by *Hayward*. *See Biggs*, 334 F.3d at 914-15; *Sass*, 461 F.3d at 1127-19; *Irons*, 505 F.3d at 850-51; *see also Cooke*

1  *v. Solis*, 606 F.3d 1206, 1213-14 (9th Cir. 2010) (post-*Hayward* case; noting that California
2  law gives rise to a liberty interest in parole).  However, all three also contained references
3  in dictum to the possibility that "[a] continued reliance in the future on an unchanging factor,
4  the circumstances of the offense and conduct prior to imprisonment, [would] run[] contrary
5  to the rehabilitation goals espoused by the prison system and could result in a due process
6  violation." *Biggs*, 334 F.3d at 916-17; *see also Sass*, 461 F.3d at 1129; *Irons*, 505 F.3d at
7  853-54.  It appears that this possibility, referred to below as a "*Biggs* claim, is the only thing
8  that was "overruled" by *Hayward*.

9  Aside from making clear that there could be no *"Biggs* claim" arising directly from the
10  Due Process Clause of the Constitution, cases decided subsequent to *Hayward* have
11  clarified that federal habeas review of California parole decisions remains much the same
12  as it was prior to that decision.  The Ninth Circuit still recognizes that California law gives
13  rise to a liberty interest in parole.  *Pirtle*, 611 F.3d 1015, 1020-21 (9th Cir. 2010); *Cooke,*
14  606 F.3d at 1213-14; *Pearson,* 606 F.3d at 610-11.  Under California law, "some evidence"
15  of current dangerousness is required in order to deny parole.  *Hayward*, 603 F.3d at 562
16  (citing *In re Lawrence*, 44 Cal. 4th. at 1191, 1209-15 (2008), and *In re Shaputis*, 44 Cal.4th
17  1241 (2008)).  "California's 'some evidence' requirement is a component of the liberty
18  interest created by the parole system of that state." *Cooke*, 606 F.3d at 1213.  A federal
19  court considering a "some evidence" claim directed to a parole denial thus must determine
20  whether there was "some evidence" of current dangerousness to support the parole board's
21  decision; if not, the prisoner's due process rights were violated.  This was also true prior to
22  *Hayward*, although now the rationale is that the Court is applying California's "some
23  evidence" rule as a component of the required federal due process.

24  Respondent contends that *Hayward* allows only review for whether a state's parole
25  procedures provide adequate procedural protections, not for whether those protections
26  were properly applied by the Board or the state reviewing courts.  Supp. Br. at 7-8.  That is,
27  there would be no review for whether a parole denial was supported by "some evidence,"
28  but only for whether California law requires that denials be supported by "some evidence" –

4

as of course it does – and whether the state courts conducted that review. He asserts that Ninth Circuit cases decided subsequent to *Hayward* – at the time the brief was filed those were *Cooke* and *Pearson* – are wrongly decided. This court must follow the Ninth Circuit's cases, so these contentions are rejected.

**III.    Issues Presented**

**A.    Respondent's Contentions**

Respondent argues in the answer that California prisoners have no liberty interest in parole, and that if they do, the only due process protections available are a right to be heard and a right to be informed of the basis for the denial – that is, respondent contends there is no due process right to have the result supported by sufficient evidence. He says these contentions are made to preserve the issues for appeal. As discussed further below, even after the en banc decision in *Hayward*, these contentions are incorrect. *See Pirtle v. California Bd. of Prison Terms*, 611 F.3d 1015, 1020-21 (9th Cir. 2010) (California law creates a federal liberty interest in parole; that liberty interest encompasses the state-created requirement that a parole decision must be supported by "some evidence" of current dangerousness); *Cooke v. Solis*, 606 F.3d 1206, 1213-14 (9th Cir. 2010) (same); *Pearson v. Muntz*, 606 F.3d 606, 610-11 (9th Cir. 2010) (same).

Respondent is correct, however, that if the court concludes that the Board's decision was not supported by "some evidence," the correct remedy is not to order that he be released on parole, but rather to order that the Board conduct another eligibility hearing at which the prisoner's rights are respected. *See Haggard v. Curry*, No. 10-16819 (9th Cir. Order Oct. 12, 2010).

**B.    Petitioner's Claims**

Petitioner raised ten claims in his petition. The court dismissed three of them in the order to show cause, leaving these: (1) His due process rights were denied when the Board denied him parole based on the long-ago circumstances of his crime; (2) the Board's finding that petitioner needs further therapy is not supported by "some evidence;" (3) the Board's use of police reports as "some evidence" violated due process and the

5

Confrontation Clause; (4) there was no evidence that petitioner's offense was particularly "cruel and callous;" (5) there was not "some evidence" to support the Board's finding that it needed a new psychological report; (6) there was no evidence to support the Board's setting petitioner's next hearing for two years ahead, rather than one, given that the denial before this one was a one-year denial and nothing had changed except to petitioner's advantage; and (7) his Sixth Amendment right to trial by jury was violated by the Board's treating him as if he had been convicted of a greater offense than the one he pleaded to.

### 1.   *Biggs* Claim

Petitioner contends that the Board has violated his due process rights by repeatedly denying parole based on the unchanging circumstances of his offense. *Hayward* made clear that "*Biggs* claims" such as this cannot be grounds for habeas relief. See *Hayward*, 603 F.3d at 556. This claim is without merit.

### 2.   "Some Evidence" Claim

Petitioner contends that denial of parole was not supported by "some evidence."

A federal district court reviewing a California parole decision "must determine 'whether the California judicial decision approving the governor's [or the Board's] decision rejecting parole was an 'unreasonable application' of the California 'some evidence' requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.'" *Id.* at 562-63 (quoting 28 U.S.C. § 2254(d)(1)-(2)). That requirement was summarized in *Hayward* as follows:

> [a]s a matter of California law, 'the paramount consideration for both the Board and the Governor under the governing statutes is whether the inmate currently poses a threat to public safety.' There must be 'some evidence' of such a threat, and an aggravated offense 'does not, in every case, provide evidence that the inmate is a current threat to public safety.' The prisoner's aggravated offense does not establish current dangerousness 'unless the record also establishes that something in the prisoner's pre- or post-incarceration history, or his or her current demeanor and mental state' supports the inference of dangerousness. Thus, in California, the offense of conviction may be considered, but the consideration must address the determining factor, 'a current threat to public safety.'

*Id.* at 562 (quoting *Lawrence*, 44 Cal. 4th. at 1191, 1209-15); *see also Cooke*, 606 F.3d at 1214 (describing California's "some evidence" requirement).

When a federal court considers a habeas case directed to a parole decision, the "necessary subsidiary findings" and the "ultimate 'some evidence' findings" by the state courts are factual findings – and thus are reviewed by the federal court under 28 U.S.C. § 2254(d)(2) for whether the decision was "based on an unreasonable determination of the facts in light of the evidence." *Id.* (citing *Hayward*, 603 F.3d at 563).

The nature of the offense was one basis for the Board's conclusion that Petitioner would be a danger to society if paroled. The presiding commissioner read one version of the facts of the offense into the record: "Inmate and Ms. Sanchez were involved in a relationship. The victim and Ms. Sanchez were present at a party. The . . . inmate and Ms. Sanchez had agreed to meet at that party at some point in time at some specific location. Items of clothing were removed. There appeared to have been sexual intercourse. An argument ensured and the victim choked to death." Ex. G at 11 (transcript of Board hearing, hereafter cited as "Tr."). After it was pointed out to him that the petitioner and victim had not completed intercourse but were preparing to have intercourse, the presiding commissioner stated that he had been paraphrasing and that the exact statement was: "the defendant and victim had removed some clothing, and was [sic] preparing to have sexual intercourse, an argument ensued, and the defendant choked the victim. The defendant blacked out. And when defendant awoke, the victim was dead." Tr. at 12.

At the time of the hearing in 2007 petitioner was approximately thirty-nine years old and had served about fifteen years on his sentence of fifteen years to life. The significant passage of time certainly reduces the evidentiary value of the offense itself, but the court concludes that the circumstances of the offense were particularly brutal, in that petitioner manually strangled a sex partner. The nature of the offense thus is sufficient to constitute "some evidence" when supported by other evidence of current dangerousness, as it was. There was evidence before the Board that petitioner had failed to internalize the twelve steps of the Alcoholics Anonymous program in which he purportedly had participated for many years. Tr. at 24-25. A psychological report from 2002 noted that petitioner had somewhat downplayed his substance abuse issues and pointed out the danger to society if

7

petitioner should relapse. *Id.* at 33. This was not repeated in the more recent psychological report done in 2006, so its weight is less than it would be otherwise, i*d.* at 28-31, but it underscores the importance of petitioner's apparent lack of knowledge of the AA twelve steps.

In light of this evidence, the state courts' applications of the California "some evidence" requirement, and those courts' consequent rejections of the claim, were not "based on an unreasonable determination of the facts in light of the evidence." *See* 28 U.S.C. § 2254(d)(2).

### 3. Police Reports

Petitioner contends that the Board's use of police reports as "some evidence" violated due process and the Confrontation Clause. The Confrontation Clause applies only to criminal prosecutions, and thus does not apply to the parole eligibility hearing at issue here. *See United States v. Hall*, 419 F.3d 980, 985 (9th Cir.2005) (citing *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972) (Confrontation Clause does not apply to parole revocation proceedings).

The due process ground is somewhat more complicated. The Ninth Circuit stated in *McQuillion v. Duncan*, 306 F.3d 895 (9th Cir. 2002), that to comply with due process a parole denial must not only be supported by "some evidence," but it must have some indicia of reliability. *Id.* at 904. This was repeated in *Biggs*, 334 F.3d at 915 (2003). The *McQuillion* court quoted and cited *Jancsek v. Oregon Board of Parole*, 833 F.2d 1389 (1987). *McQuillion*, 306 F.3d at 904. In *Jancsek* the court held that due process requires that a parole denial be supported by "some evidence," reasoning that *Superintendent v. Hill*, 472 U.S. 445, 456 (1985), which applied that standard to prison disciplinary decisions that affected the length of the prisoner's incarceration, should apply in parole cases because grant or denial of parole also affects the length of incarceration. *Id.* at 1390. As relevant here, however, *Jancsek* also held, without explanation or discussion, that the "some evidence" relied upon by the Board must have "some indicia of reliability." *Id. Jancsek*, in its turn, cited *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir.1987), a disciplinary

8

case, in which the court was squarely presented with the question whether "some evidence" must possess some indication of reliably, and answered "yes." *Id.* at 705. *Cato* cited two cases from other circuits, *Mendoza v. Miller*, 779 F.2d 1287 (7th Cir. 1985), and *Kyle v. Hanberry*, 677 F.2d 1386 (11th Cir. 1982), as support. Like *McQullion*, *Biggs*, *Jancsek*, and *Cato*, those cases did not point to a Supreme Court case that imposed a reliability requirement. *See Mendoza*, 779 F.2d at 1295; *Kyle*, 677 F.2d at 1390-91.

None of the cases discussed above identified a Supreme Court case that imposed the reliability requirement, and this court has found none. As a consequence, even if the evidence upon which the Board relied here did not have indicia of reliability, that lack would not be a violation of "clearly established Federal law, as determined by the Supreme Court of the United States," and thus would not be grounds for federal habeas relief. *See* 28 U.S.C. § 2254(d). However, and more importantly, even if the court were to find that indicia of reliability were required, the court finds that the police reports do contain some indicia of reliability by virtue of their being official reports completed within the scope of the officers' employment. Accordingly, this claim is rejected.

### 4. Evidence That Offense Was "Cruel and Callous"

Petitioner contends that at the hearing there was not "some evidence" to support the Board's conclusion that the offense was particularly "cruel and callous." As noted above, the constitutional review done by this court is for whether there was "some evidence" to support whatever the state standard for granting or denying parole might be – in this case, whether the inmate would be a danger to society if released. *See Lawrence*, 44 Cal. 4th. at 1212. There is no constitutional requirement that there be "some evidence" to support the Board's subsidiary findings, such as that the offense was particularly cruel and callous. This claim is without merit.

### 5. New Psychological Report

Petitioner also contends that there was not "some evidence" to support the Board's finding that it needed a new psychological report. For the reasons discussed in the section immediately above, this claim is without merit.

9

### 6. Two Year Denial

The Board determined that it was not reasonable to expect that parole would be granted sooner than two years from the date of the hearing challenged here, and so gave a "two year denial," that is, held that petitioner's next suitability hearing would not be for two years. Petitioner contends that there was not "some evidence" to support this.

Under California law, the Board's decision to defer annual parole consideration hearings is guided by the same criteria used to determine parole suitability. Cal.Code Regs., tit. 15 §§ 2270(d), 2281; *In re Burns,* 136 Cal. App. 4th 1318, 1326 (2006). The reasons for postponing the next scheduled parole hearing can be the same as the reasons for denying parole suitability. *Id.* The only requirement is that the Board identify its reasons for postponing the next hearing. *Id.*; *see also In re Jackson*, 39 Cal. 3d 464, 479 (1985); *In re Lugo*, 164 Cal. App. 4th 1522, 1537 (2008).

Assuming for the sake of argument that there is a federal constitutional requirement that the Board have "some evidence" support its decision to postpone the next hearing, the factors identified above in the discussion above of petitioner's claim that there was not "some evidence" to deny parole also constitute "some evidence" to support the two-year denial.

### 7. Sixth Amendment Right to Jury Trial

Petitioner contends that his Sixth Amendment right to trial by jury was violated by the Board's treating him as if he had been convicted of a greater offense than the one he pleaded to. The premise for this claim is incorrect: In California, a sentence of years-to-life is a life sentence until such time as a prisoner is deemed suitable for parole. *In re Dannenberg*, 34 Cal. 4th 1061, 1082-83 (2005). That the Board did not release petitioner when he had served fifteen years on his fifteen-to-life sentence thus did not amount to treating him as if he had been convicted of a greater offense. This claim is without merit.

## IV. Appealability

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability in

the ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of probable cause to appeal). *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. *See id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Whether there is "some evidence" to support a parole denial often is a judgment call, and the post-offense evidence here was thin. Jurists of reason could find the result debatable or wrong. A certificate of appealability will be granted as to the "some evidence" question only. Petitioner is advised that despite the grant of a COA he still must file a notice of appeal if he wishes to appeal. *See* Rule 11(a), Rules Governing § 2254 Cases.

## CONCLUSION

The petition for a writ of habeas corpus is **DENIED**. A certificate of appealability if **GRANTED** as to the "some evidence" claim and **DENIED** as to the other claims.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 25, 2010.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.07\CHAVEZ5512.RUL.wpd